NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 9 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MANUEL VASQUEZ III,

Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

Defendant-Appellee.

No.    22-55827

D.C. No. 2:21-cv-03757-FMO-
MAA

U.S. District Court for Central
District of California

MEMORANDUM[*]

Appeal from the U.S. District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted October 18, 2023[**]
San Francisco, California

Before:  W. FLETCHER, NGUYEN, and R. NELSON, Circuit Judges.

Manuel Vasquez III appeals the district court's order affirming the denial of

his application for disability benefits under Title XVI of the Social Security Act.  We

review the district court's order de novo and reverse only if the Administrative Law

---

        *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **        The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Judge's ("ALJ") decision was "not supported by substantial evidence in the record as a whole or" if the ALJ "applied improper legal standards." *Stone v. Heckler*, 761 F.2d 530, 531 (9th Cir. 1985). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1.     The ALJ did not err in determining that Mr. Vasquez does not suffer from primary headache disorder as a medically determinable impairment, a threshold requirement to receiving disability benefits. 42 U.S.C. § 1382c(a)(3)(A) ("[A]n individual shall be considered to be disabled" if he or she has a "medically determinable physical or mental impairment[.]"). The ALJ found that Mr. Vasquez suffered from several medically determinable impairments, including head trauma, asthma, and obesity, but Mr. Vasquez argues that he also suffers from primary headache disorder because of his migraines.

The ALJ found that no physician ruled out other potential causes of Mr. Vasquez's headaches. *See also* Social Security Ruling (SSR) 19-4P, 2019 WL 4169635, at *4 (Aug. 26, 2019) ("[P]hysicians diagnose a primary headache disorder only after excluding alternative medical and psychiatric causes of a person's symptoms."). To refute this finding, Mr. Vasquez points to evidence that his physicians diagnosed him with migraines, but the regulations state that a diagnosis or medical opinion is insufficient in the absence of "objective medical evidence." 20 C.F.R. § 416.921. One of his physicians theorized his migraines could be caused

by sinusitis. The ALJ also correctly noted that no physicians recorded observations of his typical headache. *See also* SSR 19-4P, 2019 WL 4169635, at *6 (discussing how observations could be objective medical evidence). The ALJ also concluded that Mr. Vasquez's headache journal did not include the required level of detail, and he did not follow through on potentially helpful treatment. *See also* SSR 19-4P, 2019 WL 4169635, at *4. Substantial evidence supports the ALJ's finding that Mr. Vasquez does not suffer from primary headache disorder.[1]

2.      Mr. Vasquez argues that the ALJ erred in discounting Mr. Vasquez's testimony about the severity of his symptoms. Mr. Vasquez likely forfeited his challenge by failing to raise this specific issue below. *See Vasquez v. Kijakazi*, No. 2:21-cv-03757-FMO-MAA (C.D. Cal.), ECF No. 19; *One Indus., LLC v. Jim O'Neal Distrib., Inc.*, 578 F.3d 1154, 1158 (9th Cir. 2009). Even so, the ALJ did not err. The ALJ reasoned that Mr. Vasquez's activities contradicted the reported severity of his symptoms and the effects of his conditions, and that he did not receive a tailored medication regime. These are valid reasons for discounting claimant testimony. *See Smartt v. Kijakazi*, 53 F.4th 489, 497–99 (9th Cir. 2022); *Ahearn v. Saul*, 988 F.3d 1111, 1117 (9th Cir. 2021).

3.      The ALJ did not err in concluding that Mr. Vasquez's headaches were

---

[1] Contrary to the Acting Commissioner's argument, Mr. Vasquez raised the issue at the district court level and did not forfeit this argument. *See Vasquez v. Kijakazi*, No. 2:21-cv-03757-FMO-MAA (C.D. Cal.), ECF No. 19.

not medically equivalent to Listing 11.02.  If a claimant's impairment is not a listed impairment, the claimant can still establish a disability by showing that his or her "impairment is medically equivalent to a listed impairment."  20 C.F.R. § 416.926(a).  The claimant "must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment." *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990) (emphasis in original).

The ALJ reasonably discounted the only relevant testimony.  The physician stated that Mr. Vasquez's migraines were equivalent to Listing 11.02A, for more serious tonic-clonic seizures, rather than Listing 11.02B or D, for dyscognitive seizures, and the physician did not provide a reason for using the listing that is less analogous to primary headache disorder. *See also* SSR 19-4P, 2019 WL 4169635, at *7.  Further, the physician's testimony was appropriately discounted because he could not describe which requirements for the equivalency finding were or were not met, he did not provide evidence for ruling out alternative causes of the headaches, and he did not sufficiently consider other medications or treatments.

**AFFIRMED.**